UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WILLIAMS, | No. 2:22-cv-1593 DAD KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| BRIAN MARTINEZ, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner does not challenge his 1995 conviction, but rather claims he was denied effective assistance of counsel in petitioner's motion for resentencing.  After careful review of the record, this court concludes that the petition should be denied.

II. Procedural History

In 1995, a jury in the Sacramento County Superior Court found petitioner guilty of second degree murder and found true a personal firearm use enhancement.  (ECF No. 1 at 10.)  Petitioner pled no contest to unlawful possession of a firearm and admitted a prior strike conviction.  (Id.)  Petitioner was sentenced to an indeterminate term of 30 years to life.  (ECF No. 13-2 at 1.)

////

On April 25, 2019, petitioner filed a pro se petition to recall and vacate his sentence under California Penal Code § 1170.95, now codified at § 1172.6, in Sacramento County Superior Court Case No. 94F04063. (ECF Nos. 13-1; 13-3 at 49 (Clerk's Transcript ("CT") 49).) Following further briefing, on September 23, 2020, the trial court denied the § 1170.95 motion finding:

> Mr. Williams was convicted of implied malice murder based on a theory of malice aforethought. He was the actual killer, and no felony-murder instruction was given, nor any instruction on the natural and probable consequences doctrine that applies to accomplice liability. He is not eligible for relief under California Penal Code § 1170.95.

(ECF No. 13-4 at 61 (CT 361).)

Petitioner filed a pro se appeal of the denial of his § 1170.95 motion to the California Court of Appeal, Third Appellate District. (ECF No. 13-4 at 63 (CT 363).) Appointed counsel filed an opening brief relying on People v. Wende (1979) 25 Cal.3d 436.[1] (ECF No. 13-5.) The appellate court noted that petitioner also filed a pro se supplemental brief. (ECF No. 13-6 at 2.) The Court of Appeal found that appellate courts have no authority to apply Wende to post conviction collateral motions, and because petitioner was represented by counsel, could not consider petitioner's pro se filing. (ECF No. 13-6 at 2-3.) The appellate court deemed the appeal "standard," and because petitioner's counsel stated there were no issues properly raised on appeal, the appellate court considered the appeal abandoned and dismissed the appeal on September 22, 2021. (ECF No. 13-6 at 3-7.)

Petitioner's appellate counsel filed a petition for review in the California Supreme Court in Case No. S271491. (ECF No. 13-7.) The petition was granted on December 1, 2021, and further action deferred pending consideration of People v. Delgadillo, No. S266305 (Cal. S. Ct.) or further order of the court. (ECF No. 13-8.)

On January 13, 2022, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, claiming ineffective assistance of appellate counsel. (ECF No. 13-9.) On June 1,

---

[1] In People v. Wende, the California Supreme Court established a constitutionally sufficient procedure by which appellate counsel may inform the court of the nature of an appeal and decline to brief issues judged to be frivolous. Smith v. Robbins, 528 U.S. 259, 265 (2000).

2

2022, the petition for writ of habeas corpus was denied without comment by the California Supreme Court. (ECF No. 13-10.)

On June 2, 2022, petitioner filed a motion for resentencing under Assembly Bill 518 ("AB 518") [California Penal Code § 654].[2] (ECF No. 13-2 at 4-14.) On July 29, 2022, the trial court denied petitioner's motion for resentencing finding the court lacked jurisdiction, but that even if the court had jurisdiction, AB 518 is not retroactive to cases that have long been final. (ECF No. 13-2 at 3.)

Petitioner filed the instant petition on September 12, 2022. (ECF No. 1.)

III. Facts[3]

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> Most of the background facts are taken from *People v. Williams* (July 14, 1997, C021467) [nonpub. opn.], the opinion from the direct appeal for defendant Brian Williams's convictions.
>
> In 1994, defendant shot and killed the victim, his girlfriend's estranged husband, after an argument. A jury found defendant guilty of second degree murder (Pen. Code, §§ 187, 189; statutory section citations that follow are to the Penal Code) and found true a personal firearm use enhancement (former § 12022.5, subd. (a)(1)). Defendant pleaded no contest to unlawful possession of a firearm (former § 12021, subd. (a)(1)) and admitted a prior strike conviction (§ 667, subds. (b) - (i)). We affirmed defendant's convictions on appeal but remanded the case for the court to exercise its discretion as to a sentencing issue.
>
> In 2019, defendant filed a section 1170.95 petition for resentencing under recently enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.). The trial court received briefing from the parties. The court then issued a written order denying the petition, saying defendant was

---

[2] The trial court explained that Section 654 prohibits multiple punishments for a single offense or course of conduct, and prior to the passage of AB 518, trial courts were required to impose a sentence on the offense with the longest term and impose but stay the term for the remaining offenses. (ECF No. 13-2 at 1-2.) AB 518 amended section 654 to allow the court to impose a sentence for either offense, regardless of which had a longer term of imprisonment. (ECF No. 13-2 at 2.)

[3] The facts are taken from People v. Williams, No. C092913, 2021 WL 4304649, at *1 (Cal. Ct. App. Sept. 22, 2021), a copy of which was lodged by respondent as ECF No. 13-6.

3

> ineligible for relief because "[h]e was the actual killer, and no felony-murder instruction was given [at trial], nor any instruction on the natural and probable consequences doctrine that applies to accomplice liability."

(ECF No. 13-6 at 1-2.)

IV. <u>Standards for a Writ of Habeas Corpus</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Wilson v. Corcoran</u>, 562 U.S. 1, 5 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established Federal law" consists of holdings of the Supreme Court at the time of the last reasoned state court decision. <u>Thompson v. Runnels</u>, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing <u>Greene v. Fisher</u>, 132 S. Ct. 38, 44-45 (2011)); <u>Stanley v. Cullen</u>, 633 F.3d 852, 859 (9th Cir. 2011) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." <u>Stanley</u>, 633 F.3d at 859 (quoting <u>Maxwell v. Roe</u>, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a

4

specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, there is no "clearly established federal law" governing that issue. See Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case."[4] Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413; see also Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 ("It is not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state court was '"erroneous"'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being

---

[4] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

5

presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Id. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100. Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 298-301 (2013) (citing Richter, 562 U.S. at 98). If a state court fails to adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court. See, e.g., Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo

1  review of the constitutional issue, but rather, the only method by which we can determine whether
2  a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no
3  reasoned decision is available, the habeas petitioner has the burden of "showing there was no
4  reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

      A summary denial is presumed to be a denial on the merits of the petitioner's claims.
Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze
just what the state court did when it issued a summary denial, the federal court reviews the state
court record to "determine what arguments or theories . . . could have supported the state court's
decision; and then it must ask whether it is possible fairminded jurists could disagree that those
arguments or theories are inconsistent with the holding in a prior decision of [the Supreme]
Court." Richter, 562 U.S. at 101. It remains the petitioner's burden to demonstrate that 'there
was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939
(9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

      When it is clear, however, that a state court has not reached the merits of a petitioner's
claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal
habeas court must review the claim de novo. Stanley, 633 F.3d at 860 (citing Reynoso v.
Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006)).

V.  The Federal Petition

      Petitioner raises one claim: appellate counsel was ineffective because counsel failed to
investigate and determine that the petition should have relied on People v. Kelly (2006) 40 Cal.
4th 106, rather than People v. Delgadillo, No. S266305 (Cal. S. Ct.).[5]

////

---

[5] Both Delgadillo and Kelly concern California's Wende brief procedures, but Kelly, decided in 2006, predates California's retroactive felony-murder resentencing. 40 Cal.4th 106. Delgadillo was pending review by the California Supreme Court at the time briefing was completed in this case. People v. Delgadillo, No. 2266305 (Cal. S. Ct.). Subsequently, the California Supreme Court issued its decision. People v. Delgadillo, 14 Cal. 5th 216 (2022), as modified (Feb. 15, 2023), reh'g denied (Feb. 15, 2023) (holding California's Wende procedures do not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the appointment of counsel for that appeal because "there is no constitutional right to the effective assistance of counsel" in state post conviction proceedings).

VI. <u>Relevant California Law</u>

California Penal Code § 1170.95 was enacted by California Senate Bill 1437, which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, but did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." <u>People v. Martinez</u>, (2019) 31 Cal. App. 5th 719, 723 (internal citation and quotations omitted), <u>as modified on denial of reh'g</u> (Feb. 13, 2019), <u>review denied</u> (May 1, 2019). Section 1170.95(a) allows those so convicted to "file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced to any remaining counts." <u>Id.</u> (citation omitted).

Senate Bill 775 amended former California Penal Code § 1170.95, which has since been renumbered to § 1172.6, to "expand[ ] former section 1170.95's provisions to apply also to persons convicted of attempted murder or manslaughter." <u>People v. Delgadillo</u>, (2022) 14 Cal. 5th 216, 223 n.3, 302 Cal.Rptr.3d 153 (citation omitted). The statute provides that eligible persons "may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts" when specified conditions applied. Cal. Penal Code § 1172.6(a).

Prior to Senate Bill 775, only "persons convicted of murder under a felony murder or natural and probable consequences theory" could file a petition for resentencing. (Former § 1170.95, subd. (a).) Senate Bill 775 ostensibly broadened the pool of eligible petitioners by allowing a resentencing petition to be filed by any person "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." <u>People v. Vizcarra</u>, (2022) 84 Cal. App. 5th 377, 388, 300 Cal.Rptr.3d 371 (quoting former Cal. Penal Code § 1170.95(a), as amended by S.B. 775).

VII. <u>Merits Review</u>

As argued by respondent, petitioner has no right to the assistance of counsel for post-conviction collateral proceedings. After a criminal defendant is convicted and sentenced, the

8

defendant generally may file an appeal in the California Court of Appeal, which is often referred to as the first appeal of right. "[A]n indigent criminal defendant has a right to appointed counsel in his first appeal as of right in state court. . . ." Coleman v. Thompson, 501 U.S. 722, 755 (1991) (citing Douglas v. California, 372 U.S. 353 (1963)). However, there is no federal constitutional right to counsel in later post-conviction proceedings. Because "[t]here is no constitutional right to an attorney in state post-conviction proceedings . . . a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman, 501 U.S. at 752; see also Davila v. Davis, 582 U.S. 521, 524 (2017) ("[A] prisoner does not have a constitutional right to counsel in state postconviction proceedings. . . ."); Hunton v. Sinclair, 732 F.3d 1124, 1126 (9th Cir. 2013) ("[A] person cannot raise a claim of ineffective assistance of post-conviction relief counsel because he is not entitled to post-conviction relief counsel. . . ."); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Resentencing proceedings under California Penal Code § 1170.95 are the type of postconviction proceedings in which there is no federal constitutional right to counsel. See, e.g., Doughton v. Montgomery, 2021 WL 3186567 at *2 (E.D. Cal. July 28, 2021) (rejecting ineffective assistance of counsel claim based on counsel's performance in § 1170.95 resentencing proceedings, reasoning, "[w]hile it is theoretically possible to receive ineffective assistance of counsel, even on state law issues, and hence state a viable federal claim, such a claim is unavailable for state court collateral proceedings. . . ."), findings and recommendations adopted, 2021 WL 4975133 (E.D. Cal. Oct. 26, 2021); Hunt v. Cicnero, 2022 WL 17224722, at *3 (C.D. Cal. July 20, 2022) ("Resentencing proceedings under California Penal Code section 1170.95 are the type of postconviction proceedings in which there is no federal constitutional right to counsel."), report and recommendation adopted, 2022 WL 17225020 (C.D. Cal. Sept. 14, 2022). Accordingly, petitioner cannot bring an ineffective assistance of counsel claim in federal court based on appellate counsel's performance in those proceedings.

Petitioner argues that he is entitled to the narrow exception afforded prisoners under Martinez v. Ryan, 566 U.S. 1 (2012) (ineffective assistance of counsel at initial-review collateral

proceeding on a claim of ineffective assistance of trial counsel established cause for a prisoner's procedural default of same claim in a federal habeas proceeding). However, the doctrine that ineffective assistance of post-conviction counsel may constitute cause for a procedural default of a federal habeas claim is limited in its application to the procedural default of a Sixth Amendment claim regarding trial counsel. See Davila, 582 U.S. at 529-30 (holding that Martinez does not apply to underlying claims of ineffective assistance of appellate counsel); see also Martinez (Ernesto) v. Ryan, 926 F.3d 1215, 1225 (9th Cir. 2019) ("[I]neffective assistance of [post-conviction] counsel can constitute cause only to overcome procedurally defaulted claims of ineffective assistance of trial counsel.") (emphasis added).

Finally, in his traverse, citing Anders v. California, 386 U.S. 738 (1967), petitioner argues that appellate counsel was required to provide the court with an appeal containing all of the issues identified in petitioner's pro se brief, but appellate counsel refused, opting instead to file the brief under Wende. (ECF No. 17 at 7.) However, petitioner's reliance on Anders is also unavailing.

In Anders, the Supreme Court established a procedure for allowing appointed counsel for an indigent criminal defendant to withdraw from a first appeal as of right on the basis that the appeal is frivolous. 386 U.S. 738. Under those procedures, counsel must first conduct a "conscientious examination" of the case and support a request to withdraw with a brief referring to anything in the record that might arguably support the appeal. 386 U.S. at 744.

Here, petitioner is not pursuing a claim of ineffective assistance of counsel involving his first appeal as of right, but instead challenges the denial of his post-conviction motion for resentencing. Thus, the procedures in Anders do not apply.

Because petitioner has no constitutional right to an attorney in state post-conviction proceedings, he cannot claim he sustained ineffective assistance of counsel in such proceedings, and the instant petition must be denied.

VIII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 25, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will1593.157

11