UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN MARTINEZ,<br><br>    Respondent. | No.  2:22-cv-01593-DAD-KJN (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR HABEAS RELIEF<br><br>(Doc. Nos. 1, 18) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he claims that he was denied his right to effective assistance of counsel in state court post-conviction criminal proceedings.  (Doc. Nos. 1, 17.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 25, 2023, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be denied.  (Doc. No. 18.)  Specifically, the findings and recommendations first noted that petitioner presents a single claim in his pending petition, asserting that on appeal from the state trial court's denial of his motion for resentencing under California Penal Code § 1170.95, his appointed appellate counsel provided him with ineffective assistance.  (*Id.* at 7–8.)  The findings and recommendations then concluded, based upon the authorities cited therein, that because petitioner had no federal constitutional right

1

to counsel in that state post-conviction proceeding, he was precluded from raising a claim of ineffective assistance by his appointed post-conviction relief counsel. (*Id.* at 8–10.) Accordingly, it was recommended that the pending petition for federal habeas relief be denied. (*Id.* at 10.)

The findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within fourteen (14) days of the date of their service. No objections to the pending findings and recommendations have been filed with the court, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the undersigned concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Therefore, the findings and recommendations will be adopted and petitioner's request for federal habeas relief will be denied on the merits.

In addition, the court declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

/////

Accordingly:

1. The findings and recommendations issued on July 25, 2023 (Doc. No. 18) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability (28 U.S.C. § 2253(c)); and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 20, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3